No. 11,452.

CRANE, ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY.

*Decided November 1, 1926.*

Action for services rendered. Judgment of dismissal.

*Reversed.*

1. COUNTIES—*District Attorneys—Expert Witnesses.* Expert witnesses whose services are procured by the district attorney and utilized in the prosecution of a criminal case, held entitled to recover the reasonable value thereof from the county, under the provisions of section 5992, C. L. '21.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Messrs. McMULLIN, STERNBERG & HELMAN, for plaintiffs in error.

Mr. SCOTT W. HECKMAN, Mr. R. H. WALKER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CRANE et al. sued the board of county commissioners of Mesa county for services as expert accountants in a criminal case. A demurrer to the complaint was sustained and they bring error.

The essential facts are hidden, in the complaint, in a mass of evidential matter, but it appears that one Quigley was under indictment for embezzlement of bank funds. Crane had been employed by the bank to audit their books, and so was summoned as a witness, and the district attorney employed him to assist him in preparation for and at the trial, and to testify concerning the books as an expert; that he did so; and that the amount of the claim is the reasonable value of his services. The commissioners allowed mileage and witness fees as for an ordinary witness, which did not cover Crane's actual expenses, but disallowed the remainder of the claim, in which the district court sustained them.

The question before us is whether the district attorney, without first obtaining the authority of the county commissioners, may subject the county to indebtedness for said purposes.

C. L. § 5992, provides that the district attorney may "collect and receive" from the county "the expenses necessarily incurred in the discharge of his official duties for the benefit of such county," and the complaint alleges that the expenses in question were so incurred and the demurrer admits it, consequently the complaint is good. The statute evidently contemplates that the district attorney shall pay such expenses and be reimbursed by the county, yet we can see no substantial reason why the person employed may not recover from the county directly.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.